IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM D. WOODS, TDCJ #654317, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-1131 |
| DIRECTORS REVIEW COMMITTEE, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate William D. Woods (TDCJ #654317) has filed a civil rights complaint under 42 U.S.C. § 1983, regarding a prisoner correspondence policy. Woods, who proceeds *pro se* and *in forma pauperis*, also supplied a more definite statement of his claims [Doc. # 8] at the Court's request. The defendants have filed a joint motion to dismiss on the grounds that the Woods did not exhaust available administrative remedies with respect to his claims [Doc. # 13]. Woods has filed a response [Doc. # 15]. After reviewing all of the pleadings, and the applicable law, the Court **denies** the defendants' motion for reasons set forth below.

### I.   BACKGROUND

Woods is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), at the Wynne Unit in Huntsville, Texas. The defendants are Wynne Unit Mailroom Supervisor Officer Nancy Alger and TDCJ Executive Director Brad Livingston. As outlined briefly below, Woods takes issue

with the manner in which a policy that is enforced by prison mailroom personnel (*i.e.*, the TDCJ Correspondence Rules) was applied to some photographs that he ordered through the mail.

Woods complains that the Wynne Unit Officer Alger refused to allow him to receive correspondence which, according to Woods, contained twenty "photographs of scantily clad females in sexually provocative poses" [Doc. # 8, at 1]. Woods explains that he purchased the photographs from a "pen pal" business called "South Beach Singles," in Miami, Florida. Woods provides two brochures that depict a selection photographs that he ordered.[1] The photographs evidently cost $35.00.

Woods claims that Officer Alger "unfairly denied" the photographs because they were digitally "altered" and therefore violated the TDCJ Correspondence Rules. Woods appealed Officer Alger's decision to the "Director's Review Committee," which was established to hear prisoner grievances about the TDCJ Correspondence Rules. The Director's Review Committee upheld Officer Alger's decision, but for a different reason. The Director's Review Committee found that Woods was not entitled to the photographs under a provision found in the Correspondence Rules that prohibits inmates from receiving "sexually explicit" images in the mail.

Woods acknowledges that the TDCJ Correspondence Rules prohibit "sexually explicit images" that feature "frontal nudity," including "exposed female breasts," or genitalia of

---

[1] Because the brochures contain nudity, the Clerk's Office has restricted access to their content by placing them under seal [Doc. # 8, Exhibit].

either gender. Woods argues that the correspondence was wrongfully denied because the photographs that he ordered were "photoshopped" or blurred in such a way as to disguise or "cover up any exposed nudity." Woods maintains, therefore, that the digitally altered photographs were not so sexually explicit that they violated the TDCJ Correspondence Rules.

Liberally construed, Woods appears to allege that the defendants have unfairly enforced a policy that has imposed on his First Amendment right to receive correspondence. As relief in this case, Woods requests injunctive relief (delivery of the photographs that he ordered) and the costs of this lawsuit. The defendants have filed a joint motion arguing that the claims must be dismissed because Woods has not exhausted available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), with respect to his claims. The parties' contentions are addressed below.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming

that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

TDCJ has a formal two-step administrative grievance process that is mandated by the Texas Legislature. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step-2 appeal if the result is unfavorable); *see also Almond v. Tarver*, 468 F. Supp. 2d 886, 896 (E.D. Tex. 2006) (citing 37 TEX. ADMIN. CODE ANN. § 283.3 (West 2006)). The two-step exhaustion procedure is outlined in the Offender Orientation Handbook that is issued to every TDCJ inmate. A Step-1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Once an inmate receives a response to his Step-1 grievance, he then has up to fifteen days to file a Step-2 grievance to appeal an unfavorable result. *See id*. Step-2 grievances are reviewed at the state level. *See id.*; *Wendell*, 162 F.3d at 891. A Texas prisoner must pursue a grievance by presenting his claims through both steps to satisfy the exhaustion requirement. *See Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

Noting that the photographs at issue were denied by the Wynne Unit mailroom on February 8, 2011, the defendants assert that Woods had fifteen days, up to and including until February 24, 2011, to file a Step-1 grievance under the TDCJ administrative grievance procedures. Exhibits referenced by the defendants show that, on the same day that Officer

Alger denied the photographs, Woods promptly filed a Step-1 grievance to challenge the decision to deny the photographs (Step-1 Grievance #2011098853, dated Feb. 8, 2011). That grievance was returned to Woods unprocessed on February 18, 2011, because "[t]he issue presented [was] not grievable." Woods did not file a Step-2 grievance to appeal that result. Noting that he did not complete the grievance process by filing a Step-2 appeal, the defendants argue that Woods clearly failed to exhaust the grievance process before filing suit and that the complaint must be dismissed as barred by 42 U.S.C. § 1997e(a).

Woods explains that he did not pursue a Step-2 grievance because, in the response to his Step-1 grievance, he was told that the issue was "not grievable." The pleadings and exhibits presented by Woods show, however, that he did appeal Officer Alger's decision to the Director's Review Committee, which hears prisoner grievances about the TDCJ Correspondence Rules. After the Director's Review Committee upheld Officer Alger's decision to deny the photographs on February 23, 2011, Woods submitted another Step-1 grievance on February 28, 2011 (Step-1 Grievance #2011109510). That grievance was also returned to Woods unprocessed because the issue that he raised (about whether the photographs were prohibited by the TDCJ Correspondence Rules) was "not grievable." When Woods filed a separate Step-1 grievance on April 21, 2011 to complain about the failure of prison officials to process his previous grievances, he was told that the grievance procedures do not apply where "another appeal mechaninsm [sic] is available . . . ." (Step-1 Grievance #2011118532).

The exhaustion requirement found in the PLRA only requires a prisoner to complete

"administrative remedies *as are available* . . . ." 42 U.S.C. § 1997e(a). The defendants do not provide any information about the grievance procedures that govern complaints about the TDCJ Correspondence Rules. Nor do they show that Woods was required to pursue the two-step prison grievance procedures in addition to those procedures that contemplate an appeal of correspondence issues to the Director's Review Committee. Thus, it is not clear that the two-step grievance process was "available" to Woods, but that he failed to exhaust those procedures. Based on this record, the defendants' motion is denied at this time.

### III.   CONCLUSION AND ORDER

Accordingly, based on this record, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss for lack of exhaustion [Doc. # 15] is **DENIED**, at this time, without prejudice to reconsideration.

2. The defendants may file an amended motion to dismiss or a motion for summary judgment within **sixty days** of the date of this order.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on December 9, 2011.

Nancy F. Atlas
United States District Judge